UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAKIM JAMAL WATSON,
      Plaintiff,

v.                            Case No.: 3:25cv2188/LC/ZCB

JEREMY P. KERPSACK, et al.,
      Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. After performing its screening duties under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b), the Court identified several deficiencies in Plaintiff's amended complaint (Doc. 5) and ordered Plaintiff to correct those deficiencies by filing a second amended complaint. (Doc. 8). Plaintiff has now filed a second amended complaint. (Doc. 9).

The Court is required to screen Plaintiff's second amended complaint to determine if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from immune defendants. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a)-(b). Because Plaintiff's second amended complaint fails to state any plausible claims for relief

1

and seeks monetary relief from immune Defendants, this matter should be dismissed.

## I. Plaintiff's Allegations[1]

Plaintiff's second amended complaint lists eight Defendants who are employees and inmates of the Florida Department of Corrections (FDOC): (1) Sergeant Jeremy P. Kerpsack; (2) inmate John Doe #1; (3) inmate Jonathan Anderson; (4) Officer John Doe #2; (5) Officer John Doe #3; (6) Officer Thomas E. Golden; (7) Lieutenant Lisa M. Brooks; and (8) Assistant Warden Susan Dove. (Doc. 9 at 2-4). Plaintiff sues Defendants Kerpsack and Dove in their individual and official capacities, while the remaining Defendants are sued in only their individual capacities. (*Id.*).

Plaintiff's allegations stem from his incarceration at Okaloosa Correctional Institution. Plaintiff states that Defendant Kerpsack provided false information in two disciplinary reports against Plaintiff. (Doc. 9 at 5). The first disciplinary report was written in December of 2021 and accused Plaintiff of theft over $150. (*Id.*). Plaintiff asserts that Defendant Kerpsack "falsely alleged" that Plaintiff stole another

---

[1] Plaintiff's allegations are assumed true at this stage. *DeVillier v. Texas*, 601 U.S. 285, 288 n.1 (2024).

2

inmate's tablet. (*Id.*). An investigation followed, and the inmate who owned the tablet allegedly stated that Plaintiff did not steal the tablet. (*Id.*). Plaintiff claims the tablet was never reported stolen and that the other inmate left the tablet in Plaintiff's cell. (*Id.*). Plaintiff states that Defendant Kerpsack "purposely wrote this false report for retaliatory purposes." (*Id.*).

The second disciplinary report involved extortion of inmate Defendant Jonathan Anderson. (*Id.*). Defendant Anderson was placed in administrative confinement after he alleged an inmate was extorting him for his food. (*Id.*). Defendant Kerpsack investigated the matter. (*Id.*). On May 16, 2024, it was discovered that "a phone call was made on Anderson's phone record that didn't connect." (*Id.*). On May 4, 2024, Plaintiff "used Anderson's GTL Pin Code to make a call," but the phone number he dialed "never connected or picked up." (*Id.* at 5-6). Plaintiff states Defendant Kerpsack assumed Plaintiff extorted Defendant Anderson because this phone number appeared on Plaintiff's phone records eleven times. (*Id.* at 6). Plaintiff claims Defendant Anderson never told Defendant Kerpsack that Plaintiff extorted him. (*Id.*).

Plaintiff alleges that Defendant Kerpsack "purposely framed him" or racially discriminated against him by falsifying disciplinary reports. (*Id*.). Plaintiff claims that Defendant Kerpsack's report falsely stated that Plaintiff used "his STG/Gang affiliation to force inmate Anderson to allow him the use of his GTL Pin Code" to make phone calls. (*Id*.). Plaintiff states that "[n]o one gave Kerpsack this information." (*Id*.). Plaintiff claims this shows Defendant Kerpsack knowingly fabricated the disciplinary reports or based his conclusions on racial profiling. (*Id*.). Plaintiff asserts that Defendant Anderson wrote a witness statement and informal grievance that said he allowed inmates including Plaintiff to use his phone pin code and that Plaintiff was not the one extorting him. (*Id*.).

Plaintiff alleges he was found guilty of both disciplinary reports and was deprived of an impartial hearing. (*Id*.). Plaintiff states there was no evidence to support the guilty findings, and the reports were not based on Defendant Kerpsack's personal knowledge. (*Id*. at 7). Defendants John Doe #2 and John Doe #3 conducted a disciplinary hearing on the theft disciplinary report. (*Id*. at 11). Plaintiff was found guilty of theft and given sixty days in confinement. (*Id*. at 11-12). Defendants Golden and Brooks conducted a disciplinary hearing on the extortion disciplinary

report. (*Id.* at 12). Plaintiff was found guilty of extortion and given sixty days in confinement. (*Id.*). Plaintiff appealed these findings to Defendant Dove, and they were denied. (*Id.*). Plaintiff alleges he was deprived of all property, including legal materials during his confinement. (*Id.*). Plaintiff claims this impaired his ability to appeal his criminal conviction. (*Id.* at 12-14).

Plaintiff's second amended complaint brings Fourteenth Amendment procedural due process claims. (Doc. 9 at 7-14). For relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 14-16).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

### A. Plaintiff's official capacity claims are barred by sovereign immunity.

Absent waiver or express congressional abrogation (neither of which is present here), the doctrine of sovereign immunity bars a § 1983 plaintiff's claims for monetary damages against employees of a State

sued in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

By suing Defendants Kerpsack and Dove—FDOC employees—in their official capacities, Plaintiff has effectively sued the State of Florida. Therefore, the official capacity damages claims brought by Plaintiff against Defendants Kerpsack and Dove are barred by sovereign immunity.[2]  *Gibson v. Doe*, 629 F. App'x 868, 871 (11th Cir. 2015) (affirming dismissal of official capacity damages claims against FDOC officials on sovereign immunity grounds).

## B. Plaintiff cannot pursue claims against fictitious parties in federal court.

As noted above, Plaintiff names as Defendants an unidentified inmate—John Doe #1—and two unidentified prison officials—John Does

---

[2] Plaintiff argues that Defendants acted "outside the scope of their employment" and thus "waived their sovereign immunity[.]".  (Doc. 9 at 4).  But all of Plaintiff's allegations involve conduct that occurred at the prison where the FDOC Defendants are employed.  Plaintiff's conclusory statement is insufficient to defeat sovereign immunity.  *See Andrews v. Scott*, No. 216CV814FTM99MRM, 2017 WL 3840431, at *10 (M.D. Fla. Sept. 1, 2017) ("Plaintiff does not allege facts to establish that establish that the Corizon employees acted outside the scope of their employment. At best, Plaintiff makes conclusory statements concerning Corizon's record of negligence and recklessness."), *aff'd*, 729 F. App'x 804 (11th Cir. 2018).

#2 and #3. (Doc. 9 at 3). But importantly, as "a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Although Plaintiff states that these John Doe Defendants were involved in his prison disciplinary proceedings (Doc. 9 at 3), his description of these individuals is insufficient to allow service of process. *Id.*; *see also Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) ("A fictious name . . . when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action."). Thus, Plaintiff's claims against John Does #1, #2, and #3 are subject to dismissal.[3] *See Scott v. Miami Dade Cnty.*, No. 21-13869, 2023 WL 4196925, at *7 (11th Cir. June 27, 2023) ("Scott only identified Officer Jane Doe by her title, which was an

---

[3] *See also Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) ("[T]he district court correctly concluded that Plaintiffs failed to describe the John Doe defendants with enough specificity to enable service of process. For some of the John Does, Plaintiffs provided no descriptions at all. The remaining descriptions ranged in specificity from the highly generic (e.g., 'a male detective,' 'one of the officers at the hospital,' or 'an FBI Agent') to the ever-so-slightly less generic (e.g., 'a female white officer about 5 feet 10–11 inches in height' or 'a middle-aged white male officer'). At best, however, these descriptions include only general physical attributes and a title that is held by many individuals. Thus, they fall well short of enabling a process server to identify a specific individual.") (cleaned up).

insufficient description to allow him to maintain a claim against an unnamed defendant.").

## C. Plaintiff cannot maintain § 1983 claims against the inmate Defendants.

Plaintiff's second amended complaint appears to name two inmates of the Okaloosa Correctional Institution as Defendants—John Doe #1 and Jonathan Anderson.  (Doc. 9 at 3).  These inmates, however, are not subject to liability under § 1983.

Section 1983 provides a remedy when a person acting under color of state law deprives the plaintiff of a right, privilege, or immunity secured by the U.S. Constitution or federal law.  42 U.S.C. § 1983.  A plaintiff cannot recover under § 1983 against a defendant who was not acting under color of state law.  *Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013).  "The state action requirement is an element of a § 1983 claim that the plaintiff must prove in order to prevail."  *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021).

Here, Plaintiff has failed to plausibly allege that the inmate Defendants John Doe #1 and Jonathan Anderson acted under color of state law for § 1983 purposes.  Instead, it appears that Defendants are inmates who were involved with Plaintiff's prison disciplinary

proceedings.[4]  But inmates are not state actors under § 1983.  *Simon v. Davis*, No. CV423-302, 2023 WL 7498091, at *2 (S.D. Ga. Nov. 13, 2023) ("[O]ther prisoners are not proper defendants in a 42 U.S.C. § 1983 case.").  Thus, Plaintiff's § 1983 claims against Defendants John Doe #1 and Jonathan Anderson should be dismissed.

## D. Plaintiff fails to plausibly allege Fourteenth Amendment due process claims against Defendant Dove.

Government officials may not be held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  *Christmas v. Harris Cnty., Georgia*, 51 F.4th 1348, 1355 (11th Cir. 2022).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Under *Iqbal*, "each Government official, his or her title notwithstanding, is only liable

---

[4] A private party can be treated as a state actor under § 1983 if (1) the state coerced the private party to engage in the challenged conduct, (2) the private party was performing a traditional governmental function, or (3) the state and the private party were joint participants in a shared enterprise.  *See Charles*, 18 F.4th at 694 (explaining when a private party can be treated as a state actor).  Plaintiff's allegations fail to plausibly establish that any of these exceptions apply.

for his or her own misconduct." *Id.* at 677. Thus, "supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Christmas*, 51 F.4th at 1355.

Causation may be established and supervisory liability imposed "where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." *Ingram v. Kubik*, 30 F.4th 1241, 1254 (11th Cir. 2022). "[T]o prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 957 (11th Cir. 2019) (cleaned up). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. *Id.* at 957-58.

Causation can also be established by pleading facts "which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Keating v. City of Miami*, 598 F.3d 753, 762

11

(11th Cir. 2010). The factual allegations must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional violation against his subordinate. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013).

As to personal participation, there are no plausible allegations that Defendant Dove was involved with the disciplinary reports filed against Plaintiff. Thus, Plaintiff has not plausibly alleged sufficient personal participation by Defendant Dove to support any claims for supervisory liability under § 1983. *See Ingram*, 30 F.4th at 1254 ("Plaintiffs must instead allege that the supervisor, through his own actions, violated the Constitution.").

As to causation, Plaintiff makes no allegations that Defendant Dove maintained any "improper custom or policy result[ing] in deliberate indifference to constitutional rights." *Ingram*, 30 F.4th at 1254. Plaintiff's allegations about two seemingly isolated disciplinary proceedings are insufficient to plausibly allege a policy or custom supporting supervisory liability.[5] *See Piazza*, 923 F.3d at 957 ("[T]o prove

---

[5] *See also Goebert v. Lee County*, 510 F.3d 1312, 1332 (11th Cir. 2007) (holding that plaintiff failed to meet the "extremely rigorous standard for

that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents or multiple reports of prior misconduct by a particular employee.  A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several subordinates.") (cleaned up).  Accordingly, Plaintiff has failed to plausibly allege any supervisory liability claims under § 1983 against Defendant Dove.

### E. Plaintiff fails to plausibly allege Fourteenth Amendment due process claims against the remaining Defendants.

The Fourteenth Amendment's Due Process Clause encompasses two components, a substantive component and a procedural component. *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013).  Because Plaintiff's allegations involve prison disciplinary proceedings, it appears he is asserting a procedural due process claim.  *See O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011).   A procedural due process claim "requires proof of three elements:  (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3)

---

supervisory liability" when she failed to show that any other inmates had suffered the same alleged violation) (cleaned up).

constitutionally-inadequate process." *Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022, 1026 (11th Cir. 2019).

Importantly, however, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.*

To the extent Plaintiff claims his rights were violated due to false hearsay statements being used in the disciplinary proceedings (Doc. 9 at 7-10), Plaintiff is not entitled to the protections of the Confrontation Clause during prison disciplinary proceedings. *Dansby v. Babers*, No. 2:14CV-070-WHA, 2015 WL 427108, at *7 (M.D. Ala. Feb. 2, 2015) (stating that a "prison disciplinary proceeding is not a criminal prosecution" meaning prisoners "in this context do not possess Sixth Amendment rights to confront and cross-examine witnesses") (cleaned up). Accordingly, Plaintiff fails to plausibly allege any due process claims based on the Sixth Amendment's Confrontation Clause. *See Clark v.*

*Jones*, No. 2:18-CV-160-ECM-KFP, 2021 WL 925879, at *11 (M.D. Ala. Feb. 17, 2021) (granting summary judgment for defendants on prisoner's Confrontation Clause claim regarding prison disciplinary proceedings), *adopted*, 2021 WL 922169 (M.D. Ala. Mar. 10, 2021).

Because Plaintiff has no claim under the Confrontation Clause, this leaves Plaintiff's allegations that Defendants initiated and found Plaintiff guilty of false disciplinary charges. "The filing of a false disciplinary charge, standing alone, does not state a constitutional claim. The Constitution requires only that the plaintiff be afforded due process at the institutional hearing (on the allegedly false charge), which represents the plaintiff's opportunity to expose falsities or inaccuracies." *Hall v. Poppell*, No. 2:20-CV-380-JES-MRM, 2021 WL 3602807, at *5 (M.D. Fla. Aug. 13, 2021).

There are "specific hearing procedures that prison disciplinary panels must comply with to satisfy the standards of procedural due process in the prison setting." *O'Bryant*, 637 F.3d at 1213. "[P]risoners must receive:  (1) advance written notice of the charges against them; (2) an opportunity for the inmate to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and

15

correctional goals; and (3) a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *Id.*

Plaintiff's second amended complaint provides no plausible allegations that he did not receive advanced written notice of the charges against him, that he was denied an opportunity to call witness or present evidence, or that he did not receive a written statement outlining the evidence behind and reasons for the disciplinary action.[6]   Instead, Plaintiff takes issue with Defendants initiating and finding him guilty of disciplinary charges based on allegedly false information.   Again, however, the "filing of a false disciplinary charge, standing alone, does not state a constitutional claim." *Poppell*, 2021 WL 3602807, at *5. Accordingly, Plaintiff fails to plausibly allege a Fourteenth Amendment due process claim against Defendants.

Plaintiff primarily argues that his procedural due process rights were violated because his disciplinary convictions were not based on sufficient evidence—namely, that the evidence provided was false, speculative, and not based on personal knowledge.   (Doc. 9 at 7-11).

---

[6] Plaintiff admits that he received hearings on the two disciplinary reports.  (Doc. 9 at 11-12).

Procedural due process requires that "the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). "Due process in this context does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. And the 'some evidence' standard is satisfied by even a meager showing, so long as the record is not so devoid of evidence as to render the tribunal's determination arbitrary." *Smart v. England*, 93 F.4th 1283, 1290 (11th Cir. 2024) (cleaned up). In other words, the "decision need only have some basis in fact."[7] *Yarbrough*, 941 F.3d at 1028 (cleaned up).

Though he disagrees with its truth, Plaintiff's disciplinary convictions were in fact based on "some evidence." That evidence was Defendant Kerpsack's "statements in two of the Plaintiff's disciplinary

---

[7] To the extent Plaintiff argues that "substantial evidence" is required to satisfy due process (Doc. 9 at 8-11), that argument lacks merit. *See Yarbrough*, 941 F.3d at 1029 ("In the light of *Holley's* specification of the meaning of its use of the phrase 'substantial evidence,' we conclude that where our precedents have used that phrase to denote a standard of review mandated by procedural due process, they did so with the evident intent of invoking the 'some evidence' standard employed by the Supreme Court in *Hill* and its antecedents. They do not seek to apply the substantial-evidence standard familiar from administrative law.").

reports." (Doc. 9 at 5). Plaintiff argues that these allegations by Defendant Kerpsack were false because Defendant inmates John Doe #1 and Anderson—at some point during the investigations—denied that Plaintiff committed theft or extortion, respectively. But that does not sustain a due process violation because Defendant Kerpsack's allegations against Plaintiff, even if false or incorrect, still constitute some evidence that Plaintiff committed the infractions he was found guilty of.[8] *See Hill*, 472 U.S. at 456-57 (finding disciplinary panel complied with due process when convicting prisoner based on oral testimony and written report by prison guard); *see also Murray v. Givens*, No. 6:17cv1195, 2018 WL 3463309, at *4 (N.D. Ala. May 14, 2018) ("Due process requires only that an inmate be afforded a hearing on the charges against him. Therefore, a prisoner's allegation of false disciplinary charges fails to state a claim

---

[8] Plaintiff argues that Defendant Kerpsack's allegations *must* be false because "both victims denied that the Plaintiff committed the violations, and the only way Kerpsack could have had knowledge that the Plaintiff committed these violations . . . [was] by the victims informing him [but] not such statements were ever made." (Doc. 9 at 9). The fact that the two victims later denied that Plaintiff stole from or extorted them does not preclude Defendant Kerpsack from conducting an independent investigation into the matter. And Plaintiff merely speculates without any factual support that Defendant Kerpsack could not have formed a basis for his accusations except by the two victims' statements.

so long as due process was provided.") (cleaned up), *adopted*, 2018 WL 3455692 (N.D. Ala. July 18, 2018).

Even if Plaintiff had plausibly alleged his procedural due process rights were violated, "a defendant's mere failure to comply with these procedural protections does not give rise to a due process claim in every situation." *Hall v. Samuels*, No. 2:23cv414/JES'NPM, 2023 WL 5302328, at *3 (M.D. Fla. Aug. 17, 2023). "Unless Plaintiff has been deprived of a liberty interest, no due process protection is triggered." *Frederick v. Murphy*, No. 3:24CV240/TKW/ZCB, 2024 WL 4205623, at *3 (N.D. Fla. Aug. 19, 2024), *adopted*, 2024 WL 4203490 (N.D. Fla. Sept. 16, 2024).

"In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) when a prison restraint imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Feaster v. Bowers*, No. 5:23-CV-310-TKW-MJF, 2024 WL 1515701, at *2 (N.D. Fla. Mar. 11, 2024) (cleaned up), *adopted*, 2024 WL 1516106 (N.D. Fla. Apr. 8, 2024).

19

"Without either the loss of gain-time credits or 'atypical' confinement, the Due Process Clause itself affords no protected liberty interest that requires procedural protections." *Id.*

Here, Plaintiff does not allege that the two disciplinary reports resulted in a loss of gain-time credits. Nor does he allege that he was subjected to any "atypical" confinement as a result of being found guilty of the two disciplinary reports. Plaintiff claims that he was sentenced to two sixty-day periods of confinement after he was found guilty of the two disciplinary reports. (Doc. 9 at 11-12). Plaintiff argues that he was denied all personal property—including certain legal materials—for forty-four days in confinement and that this impaired his ability to appeal his criminal conviction. (*Id.* at 12-13). But these allegations are insufficient to state a plausible due process claim because he has not alleged a loss of gain time credits or that his stays in confinement were atypical when compared to other prisoners.[9] *See Smith v. Deemer*, 641 F.

---

[9] Plaintiff filed grievances in June of 2024 regarding not having his legal materials in confinement. (Doc. 9 at 23-27). The appeal Plaintiff claims he was impaired from litigating—5D2024-0657 (Fla. 5th DCA)—was resolved after the 5th DCA affirmed Plaintiff's conviction and sentence on April 8, 2025. *See* 4/8/25 docket entry, 5D2024-0657 (Fla. 5th DCA); https://acis.flcourts.gov/portal/court/d818ccfa-0288-4e77-9f0f-daa6a4999a3a/case/ef5ba52e-6bdd-4c6f-b6c1-6ee3daa1c40f; *Oliver    v.*

App'x 865, 868-69 (11th Cir. 2016) ("His disciplinary hearing resulted in no loss of good-time credit, and the conditions he alleged do not constitute an atypical and severe hardship. Thus, Smith's substantive and procedural due process claims fail to implicate a constitutionally protected liberty interest."); *Ferguson v. Buss*, No. 4:10CV232-MP/WCS,

---

*Fla.*, 803 F. App'x 305, 306 (11th Cir. 2020) ("The district court . . . properly took judicial notice of dates from the state-court online docket sheets and other state-court records."). Plaintiff (and/or his attorney) submitted numerous filings between August of 2024 and the affirmance of his conviction and sentence on April 8, 2025. *See* No. 5D2024-0657 (Fla. 5th DCA) (docket). Plaintiff again submitted multiple filings requesting rehearing in April and May of 2025—requests that were denied on June 16, 2025. *See id.* Thus, Plaintiff cannot plausibly claim that being deprived of his property for forty-four days in 2024 imposed an atypical hardship or impaired his ability to pursue an appeal that was not resolved until almost a year later. And it bears mentioning that the individuals identified in Plaintiff's grievances as the ones who denied him his legal materials in confinement—(1) Sergeant Alozec and (2) T. Gregor (Doc. 9 at 23-27)—are not Defendants in this action. There is no indication that any of the named Defendants had anything to do with the alleged denial of Plaintiff's legal materials during his confinement. As such, Plaintiff fails to establish the causation element of a § 1983 claim regarding being denied certain legal materials while in confinement. *See Taylor v. Gray*, No. 5:19cv62/MCR/MJF, 2020 WL 10052646, at *5 (N.D. Fla. Mar. 2, 2020) ("Because Plaintiff was able to litigate the underlying action, he has failed to plausibly allege that he suffered an actual injury caused by any Defendant. Because Taylor has failed to allege an actual injury and causation—and the record indicates that Taylor suffered no injury caused by any Defendant—Taylor has failed to state a claim for a denial of access to the courts."), *adopted*, 2021 WL 2401387 (N.D. Fla. June 10, 2021).

2011 WL 3625703, at *1 (N.D. Fla. June 17, 2011) ("Plaintiff did not have a liberty interest protected by procedural due process with regard to placement into disciplinary confinement for 60 days."), *adopted*, 2011 WL 3611407 (N.D. Fla. Aug. 17, 2011).

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's second amended complaint (Doc. 9) be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) for failure to state a claim on which relief may be granted and for seeking monetary relief against immune Defendants.

2.    The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 20th day of January 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to

object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.